UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO GARCIA-GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.:  3:26-cv-04248-RBM-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Before the Court is Petitioner Alejandro Garcia-Gonzalez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241  challenging the lawfulness of his immigration detention.  (Doc. 1.)  For the reasons below, the Court **GRANTS** the Petition.

### I.    BACKGROUND

Petitioner, a citizen of Cuba, entered the United States without inspection in or about June 2021.  (Doc. 1 ¶¶ 2–4.)  He was immediately apprehended by immigration authorities, then released from immigration custody pursuant to an Order of Release on Recognizance.  (*Id.*)  He has resided in the United States continuously since June 2021.  (*Id.* ¶ 5.)

On or about June 29, 2026, Petitioner was arrested for driving under the influence.  (*Id.* ¶ 6.)  Following his release from state custody in Florida, Petitioner was arrested by

1

immigration authorities and placed in immigration custody. (*Id.*) Petitioner was later transferred to Otay Mesa Detention Center, where he has remained since. (*Id.* ¶ 7.) Petitioner has not received a bond hearing because immigration judges lack jurisdiction to hold them under agency precedent. (*Id.* ¶¶ 38–39.)

On July 24, 2026, Petitioner filed his Petition. (Doc. 1.) The Court set a briefing schedule shortly thereafter. (Doc. 2.) Respondents filed their Response to Petition on August 3, 2026. (Doc. 4.) Petitioner filed his Traverse on August 4, 2026. (Doc. 5.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner argues that his detention violates the Fifth Amendment's Due Process Clause and the Administrative Procedure Act. (Doc. 1 ¶¶ 52–63.) Respondents, acknowledging the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, — F. 4th —, 2026 WL 2196424 (9th Cir. July 30, 2026), "do[ ] not oppose the petition and defer[ ] to the Court on the appropriate relief." (Doc. 4 at 1–2.)

In *Rodriguez Vazquez*, the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Id.* at *3. Because there is no dispute that Petitioner was detained in the interior of the United States after having resided here for five years (*see* Doc. 1 ¶¶ 2–6), the discretionary detention procedures of § 1226(a)

govern Petitioner's detention.  Therefore, and in light of Respondents' non-opposition, the Court **GRANTS** the Petition.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy.  *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

#### IV.    CONCLUSION[1]

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody under any conditions of supervision found appropriate under 8 C.F.R. § 241.5.  *See Perez Velasquez v. Bondi*, Case No.: 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026).

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a flight risk or a danger to the community.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3

3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").

**IT IS SO ORDERED.**

DATE:  August 4, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

4

3:26-cv-04248-RBM-DDL